IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DERRICK HAYES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. 3:21-cv-00240** |
| **ABDIKANI DIRIE and** | § | |
| **PASCHALL TRUCK LINES, INC.** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT PASCHALL TRUCK LINES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant, Paschall Truck Lines, Inc. ("Paschall" or "Defendant"), hereby removes to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.   THE REMOVED CASE

1.  The removed case is a civil action filed with the 116th Judicial District Court of Dallas County, Texas on December 21, 2020, styled *Derrick Hayes v. Abdikani Dirie and Paschall Truck Lines, Inc.*, Cause No. DC-20-18765 (the "Lawsuit").

### B.   DOCUMENTS FROM REMOVED ACTION

2.  Pursuant to Local Rule 81.1, Defendant attaches the following documents to this Notice of Removal:

    (a)   an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

    (b)   a copy of the docket sheet in the state court action; and

    (c)   each document filed in the state court action, except discovery material, with each document filed as a separate attachment.

Additionally, Defendant is simultaneously filing a separately signed Certificate of Interested Persons pursuant to Local Rule 3.1(c).

### C. REMOVAL IS TIMELY

3. Plaintiff, Derrick Hayes ("Plaintiff" or "Hayes"), filed the present civil suit against Defendant Paschall and Defendant Abdikani Dirie in the 116th Judicial District Court of Dallas County, Texas ("the Dallas District Court") on December 21, 2020. Defendant Paschall was served with Plaintiff's Original Petition ("the Petition") on January 4, 2021. Defendant Abdikani Dirie ("Defendant Dirie") has not yet been served with Plaintiff's Petition. In the Petition, Plaintiff asserts negligence-based causes of action and claims for personal injury damages against Defendant Paschall and Defendant Dirie.

4. Pursuant to 28 U.S.C. § 1446(b)(1), Defendant Paschall has filed this Notice of Removal within 30 days after receiving Plaintiff's Original Petition indicating that the present lawsuit was filed in the Dallas District Court. Accordingly, this removal is timely.

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join in this removal, which is only Defendant Paschall at this time.

### D. VENUE IS PROPER

6. The United States District Court for the Northern District of Texas, Dallas Division, is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 116th Judicial District Court of Dallas County, Texas, is located within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

### E. DIVERSITY OF CITIZENSHIP EXISTS

7. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

8. Plaintiff is a citizen of the State of Texas and was a citizen of the State of Texas at the time Plaintiff's Petition was filed in the Dallas District Court and at the time this case was removed to this Court. Plaintiff was domiciled and resided in Texas and had the intent to remain in Texas indefinitely. In support of Defendant's contentions regarding Plaintiff's citizenship, Defendant notes that Plaintiff admitted in his Petition that he was a resident of the State of Texas as of the filing of his Petition on December 21, 2020 and at all relevant times.[1] Further, Defendant notes that "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[2] Therefore, based on the foregoing, Plaintiff is a citizen of the State of Texas and was a citizen of the State of Texas at the time Plaintiff's Petition was filed in the Dallas District Court and at the time this case was removed to this Court.

9. Defendant Paschall is a foreign corporation formed under the laws of the State of Kentucky. Defendant Paschall's primary place of business is located in the State of Kentucky. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Paschall is a citizen of the State of Kentucky and is a not a citizen of the State of Texas.

10. Defendant Dirie is a citizen of the State of Georgia and was a citizen of the State of Georgia at the time Plaintiff's Petition was filed in the Dallas District Court and at the time this case was removed to this Court. Defendant Dirie was domiciled and resided in the State of Georgia and had the intent to remain in the State of Georgia indefinitely.

11. Because Plaintiff is a citizen of the State of Texas, Defendant Paschall is a citizen of the State of Kentucky, and Defendant Dirie is a citizen of the State of Georgia—complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

---

[1] *See* Plaintiff's Petition at pp. 1-2, par. 3.
[2] *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

### F. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

12. In his Petition, Plaintiff states that he seeks monetary relief over $1,000,000.[3] As such, Plaintiff seeks to recover damages in excess of $75,000.

13. Based on the aforementioned facts, the current state court action may be removed to the United States District Court for the Northern District of Texas, Dallas Division, by Defendant Paschall in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy will exceed $75,000, exclusive of interest and costs.

### G. FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(d), Defendant Paschall provided written notice of the filing of its original Notice of Removal to all counsel of record, and Defendant filed a copy of the original notice of removal with the Clerk of the 116th Judicial District Court of Dallas County, Texas, where this action was originally commenced.

### H. JURY DEMAND

15. Plaintiff and Defendant Paschall both demanded a trial by jury in the state-court action.

### I. CONCLUSION

16. Defendant hereby removes the above-captioned action from 116th Judicial District Court of Dallas County, Texas, and requests that further proceedings be conducted in the United States District Court for the Northern District of Texas, Dallas Division, as provided by law.

---

[3] *See, id.* at p. 1, par. 2.

Respectfully submitted,

**MAYER LLP**
750 North St. Paul Street, Ste. 700
Dallas, Texas 75201
214.379.6900 / 214.379.6939 (fax)

By: ___*/s/ Zach T. Mayer*___
      Zach T. Mayer
      State Bar No. 24013118
      zmayer@mayerllp.com
      Yevgen "Eugene" V. Olshevskyy
      State Bar No. 24083600
      eolshevskyy@mayerllp.com

**ATTORNEYS FOR DEFENDANT
PASCHALL TRUCK LINES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of February, 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

*Via ECF*
Sadat Montgomery
Montgomery Law, PLLC
2777 N. Stemmons Fwy., Ste. 1100
Dallas, TX 75207
sadat@montgomeryfirm.com
lit@montgomeryfirm.com
*Attorney for Plaintiff*

                      ___*/s/ Zach T. Mayer*___
                      Zach T. Mayer